```
UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------X
THE GALINN FUND LLC,
                                              Civil Action No.
                                              Filed:

                    Plaintiff
                                              VERIFIED COMPLAINT
        - against -


JILL CARIDI a/k/a JILL J. CARIDI
MICHAEL CARIDI,
                    Defendants
--------------------------------------------X
```

The Plaintiff The Galinn Fund LLC, by its attorney, ADAM E. MIKOLAY, PC, complains and alleges of the Defendants, upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceeding Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the properties commonly known as 1 Home Place, Unit 1, Greenwich, Connecticut;
1 Home Place, Unit 2, Greenwich, Connecticut
32 Cutler Road, Greenwich, Connecticut
Securing guarantees of Jill Caridi and Michael Caridi.

## PARTIES

2. The Plaintiff, The Galinn Fund LLC, at all times hereinafter mentioned was and still is a New York limited liability company duly organized and existing under the laws of New York, with a principal place of business at 399 Knollwood Road, White Plains, NY 10603 and is a citizen of NY.


3. The Defendant, Jill Caridi, at all times hereinafter mentioned resided at and presently does reside at 32 Cutler Road, Greenwich, Ct. 06831 and is a citizen of Connecticut.

4. The Defendant, Michael Caridi, at all times hereinafter mentioned resided at and presently does reside at 32 Cutler Road, Greenwich, Ct. 06831 and is a citizen of Connecticut.

5. The Defendants, Jill Caridi and Michael Caridi, are named as Defendants in this action because Jill Caridi and Michael Caridi are the guarantors and mortgagors under the Note and Mortgage and the owners of record of the premises which are the subject of this foreclosure action.

JURISDICTION AND VENUE

6. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. Sect. 1332.

Venue is deemed proper in this District pursuant to 28 U.S.C. Sect. 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of tis court and the plaintiff maintains its principal place of business in this district.

7. On or about May 23, 2022, The Complex at Portchester LLC, for the purpose of securing the payment to The Galinn Fund LLC of the principal sum of $9,650,000.00, with interest thereon, for a valuable consideration, executed and delivered to The Galinn Fund LLC a Note (Exhibit 1) dated on that day (the "Note"), whereby said The Complex at Port Chester LLC, undertook and promised to pay to The Galinn Fund LLC, the aforesaid principal sum and interest thereon at the rate of 11.5%.

8. As security for the payment of said indebtedness, said 392 Davis Avenue Associates, LLC, Jill Caridi and Michael Caridi duly executed, acknowledged and delivered to The Galinn Fund LLC, a Mortgage (Exhibit 2), dated May 23, 2022 (the "Mortgage"), whereby 392 Davis Avenue Associates, LLC, Jill Caridi and Michael Caridi mortgaged to The Galinn Fund LLC the premises known as
1 Home Place, Unit 1, Greenwich, Connecticut;
1 Home Place, Unit 2, Greenwich, Connecticut;
32 Cutler Road, Greenwich, Connecticut
described in said Mortgage, together with the appurtenances thereto and all fixtures and articles of personal property annexed to or used in connection with the mortgaged premises, as is more fully set forth in said Mortgage. The Mortgages; a schedule is attached as Exhibit 4 for 1 Home Place, Unit 1, Greenwich, Connecticut; Exhibit 5 for 1 Home Place, Unit 2, Greenwich, Connecticut; and Exhibit 6 for 1 32 Cutler Road, Greenwich, Connecticut.

9. Said Mortgage was duly recorded in the office of the Town Clerk of Greenwich, Connecticut on August 9, 2021, in Volume 8114 page 257 Instrument No. 04860. The mortgage recording tax thereon, if any, was duly paid.

10. Defendants Jill Caridi (Exhibit 3) and Michael Caridi (Exhibit 4) individually guaranteed payment of the Note (Exhibit 2).

11. Said Mortgage provides that in case of default in the payment of any principal or interest that might become due thereon, or in case of a default in the compliance with the other terms, covenants or conditions of the Mortgage, the holder of the Mortgage could declare the entire indebtedness secured by the Mortgage due and payable and commence an action to foreclose the Mortgage pursuant to applicable law.

12. The Complex at Portchester, and the defendants Jill Caridi and Michael Caridi, have failed to comply with the terms, covenants and conditions of said Note and Mortgage by defaulting in the payment of the following installments of principal and interest which became due under the Note and Mortgage: maturity payment due December 1, 2022 of $9,650,000.00

13. By reason of such default, the Plaintiff has duly elected to declare the entire balance of the principal sum secured by said Note and Mortgage to become immediately due and payable.

14. There is now due and owing to the Plaintiff under said Note and Mortgage the sum of Nine Million Six Hundred Fifty Thousand Dollars ($9,650,000.00), with interest thereon, from December 1, 2022, at the rate provided for in the note and mortgage.

15. In order to protect its security, the Plaintiff may be compelled, during the pendency of this action, to pay sums for premiums on insurance policies, real estate taxes, assessments, water charges and sewer rents which are or may become liens on the mortgaged premises, and other charges which may be necessary for the protection of the mortgaged premises, and the Plaintiff prays that any sum or sums so paid, together with interest from the date of payment, shall be added to the Plaintiff's claim and be deemed secured by said Note and Mortgage and adjudged a valid lien on the mortgaged premises, and that the Plaintiff be paid such sums, together with interest thereon, out of the proceeds of the sale of the mortgaged premises.

16. No other action or proceeding has been had at law or otherwise for the recovery of said sum so secured by said Note and Mortgage, or any part thereof except an action to foreclose a mortgage secured by real property located solely in the state of New York. The instant action is brought to foreclose a mortgage secured by property located solely in the state of Connecticut.

17. The Mortgage provides that, in the case of foreclosure, the mortgaged premises may be sold in one parcel and mortgagee is entitled to reasonable attorney fees..

18. The mortgaged premises under foreclosure herein is subject to any state of facts an accurate survey would show; and to covenants, restrictions, reservations, easements and agreements of record, if any, and any violations thereof; and to building restrictions and zoning ordinances of the town or municipality in which said mortgaged premises are situate, if any, and any violations thereof; and to conditional bills of sale, security agreements and financing statements filed in connection with said mortgaged premises, if any, but only to the extent that any of the foregoing are not barred or foreclosed by this action; and to existing tenancies, if any, except tenants who are parties Defendant to this action; and to all unpaid real estate taxes, assessments, water charges and sewer rents, which are liens upon the premises but are not due or payable as of the time of the sale. In addition, the purchaser of the mortgaged premises at the foreclosure sale shall be required to pay all applicable local and State transfer taxes, deed stamps or other taxes due in connection with the transfer of the mortgaged premises.

19. The Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment, after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and all present and future defaults under the Note and Mortgage and occurring prior to the discontinuance of this action are fully paid.

20. In the event the Plaintiff possesses any other liens against the mortgaged premises either by way of a junior Mortgage or otherwise, the Plaintiff requests that such other liens shall not be merged into the cause action set forth in this complaint, but that the Plaintiff shall be permitted to enforce said other liens and seek determination the priority thereof in any independent actions or

proceedings including without limitation any surplus money proceeding.

### AS AND FOR A SECOND CAUSE OF ACTION

21. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 above.

22. The Defendants Jill Caridi (Exhibit 3) and Michael Caridi (Exhibit 4), each individually guaranteed (Exhibit 2) the Note (Exhibit 1) and Mortgage (Exhibit 3).

23. That Jill Caridi and Michael Caridi are fully liable for all amounts owed under the Note and Mortgage.

**WHEREFORE**, the Plaintiff demands judgment that the Defendants and all persons claiming under them or any of them, subsequent to the filing of the notice of pendency of this action, may be barred and foreclosed of all right, title, claim, lien and equity of redemption in the mortgaged premises; that said mortgaged premises may be decreed to be sold in one parcel according to law and subject to the items herein set forth; that the money arising from the sale may be brought into court; that the Plaintiff may be paid the amount of principal and interest due on said Note and Mortgage as hereinbefore set forth with interest to the time of such payment, and any sums paid by the Plaintiff for real estate taxes, assessments, water charges and sewer rents, insurance premium and other necessary charges or expenses to protect the lien of the Mortgage, and any sums expended for the protection or preservation of the property covered by said Mortgage, with interest, late fees, and default interest thereon from the time of default, and all other amounts due the Plaintiff under said Note and Mortgage, including reasonable attorney fees; and that the Defendants Jill Caridi and Michael Caridi may be adjudged to pay any deficiency which may remain, after applying all moneys received from the sale of the mortgaged premises, of the indebtedness secured by the Note and Mortgage or to be paid to the Plaintiff as costs or otherwise hereunder; and that the Plaintiff may have such other and further relief in the mortgaged premises as may be just and equitable.

Dated:   December 20, 2022
         Garden City, NY

_____
Adam E. Mikolay, P.C.

By: Adam E. Mikolay, Esq. (AM 0426)
Attorneys for Plaintiff
400 Garden City Plaza, Suite 405
Garden City, NY 11530
(516) 222-2050

**VERIFICATION BY ATTORNEY**

ADAM E. MIKOLAY. An attorney duly admitted to practice before the courts of this state and associated with the attorney of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

_____
ADAM E. MIKOLAY (AM 0426)

```
UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
THE GALINN FUND LLC,
                                          Civil Action No.
                                          Filed:
                    Plaintiff

      - against -

392 DAVIS AVENUE ASSOCITES, LLC
JILL CARIDI,
MICHAEL CARIDI,
                    Defendants
---------------------------------------X


         =========================================


                       **VERIFIED**
                       **COMPLAINT**

         =========================================


                  Adam E. Mikolay, P.C.
                  Attorneys for Plaintiff
                  400 Garden City Plaza
                        Suite 405
                  Garden City, NY  11530
                     (516) 222-2050
```