## CONSOLIDATED MORTGAGE NOTE

$9,650,000.00                    White Plains, New York                    May 23, 2022

FOR VALUE RECEIVED, **THE COMPLEX AT PORT CHESTER, LLC**, a New York limited liability company, having an office and place of business located at 32 Cutler Road, Greenwich, Ct. 06832 (the "Maker"), promises to pay to the order of **THE GALINN FUND LLC**, a New York limited liability company having an office and place of business at 399 Knollwood Road, suite 318, White Plains, NY 10603 ("Payee"), or at such other place as may be designated in writing by the holder of this Note, the principal sum of NINE MILLION SIX HUNDRED THOUSAND AND FIFTY THOUSAND AND 00/100 ($9,650,000.00) DOLLARS (the "**Loan**") plus all accrued interest and fees in lawful money of the United States of America, over the term of this Note ("**Term**") until December 1, 2022 (the "**Maturity Date**"). Commencing on July 1, 2022 and continuing on the 1st day of each month thereafter, Maker shall pay to Payee monthly payments of interest only thereon computed from the date hereof at the annual rate of eleven and a half (11.5%) percent, computed on the basis of 360 days per year and paid in arrears for the actual number of days elapsed (i.e. 365/360 accrual/year base). This Note consolidates and modifies all prior Notes and Allonges between Maker and Payee, including a Gap note in the sum of $1,250,000.00 executed this same day, which sum has been added to the prior principal balance of $8,400,000.00.

Such interest shall be paid, in arrears, on the first day of each calendar month during the term of this Note together with principal as set forth below. Notwithstanding the preceding sentence, interest for the period beginning on the date hereof through and including the last day of May, 2022 shall be paid upon the execution of this Note. Maker has this date

1

posted an interest reserve for interest payments due July 1, 2022, August 1, 2022, September 1, 2022, and December 1 , 2022, in the sum of $370,000.00

All unpaid principal, interest and other amounts outstanding shall be due and payable to Payee on the Maturity Date.    Maker shall pay an exit fee of 2.5% of principal ($241,250.00) upon payoff of the note.  In the event the loan is satisfied on or before Sept. 23, 2022, the exit fee shall be waived.

Without prejudice to any other provision herein, it is agreed that in the event any payment agreed to be made hereunder is not received by the Holder within five (5) days of the due date specified herein, a "late charge" of five (5%) Percent on amounts overdue may be charged by the Holder hereof for the purpose of defraying the expenses incident to handling such delinquent payments. Such "late charge", if not previously paid, shall be added to and become a part of the next succeeding monthly payment to be made hereunder.

The Maker may prepay the indebtedness evidenced by this Note in whole or in party at any time during the applicable term of this Note without penalty.

Any permitted partial prepayment shall be applied to the installments of principal last due under this Note and shall not release Maker from the obligation to pay the installments of interest and/or principal next becoming due under this Note. Any permitted partial prepayments may be made in multiples satisfactory to Payee.  In addition, all prepayments may be made only upon payment of all interest accrued and unpaid on the principal balance of this Note to and including the date of prepayment and all other sums due under this Note and the Mortgage secured thereby. In the event the Maturity Date of the Loan is accelerated following an Event of Default as set forth in the loan documents, any payment of the amount necessary to satisfy the entire indebtedness made after such Event of Default shall be expressly deemed a

voluntary payment. In such case, to the extent permitted by law, the Payee shall be entitled to the amount necessary to satisfy the entire indebtedness plus the appropriate prepayment premium set forth above.

During the term of this Note, the Maker shall deliver to the Payee on an annual basis signed copies of its tax returns (both State and Federal and including K-1's and other schedules attached thereto) within thirty (30) days of filing. In addition, the Maker shall cause 392 Davis Avenue Associates, LLC, Michael Caridi, Majic Realty LLC, Majic Development Group, LLC, (collectively the "Guarantors") to deliver to the Payee on an annual basis signed copies of their tax returns (both State and Federal and including K-1's and other schedules attached thereto) within thirty (30) days of filing. The Maker and the Guarantors shall also deliver copies of their annual statements of personal and business financial condition on an annual basis within one hundred twenty (120) days of calendar year end. Maker shall also deliver to Payee on an annual basis, verification of liquid assets and contingent liabilities of Maker and Guarantors in sufficient detail to reasonably satisfy the Payee. Maker shall submit to Payee on an annual basis, a current, complete rent roll and detailed income and expense statement for the Mortgaged Premises and copies of all new and or modified and executed lease agreements at the Mortgaged Premises. Maker and Guarantors shall deliver to Payee upon request, such other financial reports, schedules, and business information of the Maker and Guarantors as the Payee may reasonably require. All such financial statements shall be in form and content reasonably acceptable to the Payee. In the event Maker does not make all reasonable attempts to comply with any or all of the financial information reporting requirements set forth herein, in addition to any other remedy which the Payee may possess in connection with Maker's failure to comply with said reporting requirements, the Payee may impose a charge of $50.00 dollars per day upon

Maker which charge shall commence ten (10) days after notice to Maker that Maker is in default with respect to Maker's obligations to supply said financial reporting information to Payee.

IT IS HEREBY EXPRESSLY AGREED, that the said principal sum with interest thereon, evidenced by this Note shall become due at the option of the Holder hereof on the happening of any Event of Default by which, under the terms of the mortgage securing this Note, said principal sum may or shall become due and payable; also that all of the covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument. Any principal or monies advanced under this Note which shall not be paid when due, whether maturing by lapse of time, or by reason of acceleration under the provisions herein stated, shall bear interest at a rate of twenty-four (24%) percent in excess of the then applicable rate ("**Default Rate**").

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived. The Maker, endorsers, and guarantors hereof and all others who may become liable for all or any part of this obligation consent to any number of renewals or extension of the time of payment hereof. Any such renewals or extensions may be made without notice to any of said parties and without affecting their liability.

In the event it shall become necessary for the holder hereof to employ counsel to collect this Note or to protect or foreclose the security given for this Note, the Maker also agrees to pay to the holder hereof a reasonable attorney's fee for the services of such counsel, whether or not suit be brought.

Anything herein to the contrary notwithstanding, if from any circumstances whatever fulfillment of any provision of this Note at the time performance of said provision shall be due shall involve transcending the limit of validity prescribed by the usury statutes of the

4

State of New York or any other law of the State of New York, then ipso facto the obligation to be fulfilled shall be reduced to the limit of such validity so that in no event shall exaction be possible under this Note in excess of the limit of such validity.

This Note may not be changed orally, but only by an agreement in writing and signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

This instrument shall be governed by and construed in accordance with the laws of the State of New York.

**The Complex at Port Chester, LLC**

By:_____
Name: Michael Caridi
**Title: Managing Member**

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF WESTCHESTER      )

On the 22 day of May in the year 2022 before me, the undersigned, a Notary Public in and for said State, personally appeared Michael Caridi personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person upon behalf of which the individual acted, executed the instrument.

Joseph Rabadi
Notary Public, State of New York
No. 01RA6334580
Qualified in Westchester County
Commission Expires December 21, 2023

_____
Notary Public