# GUARANTY OF PAYMENT: JILL CARIDI a/k/a JILL J. CARIDI

IN CONSIDERATION of the sum of $1.00 cash in hand paid, and other valuable consideration, as well as for the purpose of seeking to induce **The Galinn Fund, LLC** a limited liability company organized and existing under and by virtue of the laws of the State of New York whose address is 399 Knollwood Road, White Plains, New York 10603, (hereinafter called "Lender") to extend credit to

**The Complex at Port Chester, LLC.**

(hereinafter called the "Principal"), the undersigned (hereinafter referred to as the "Guarantor") does hereby guarantee to said Lender and to its endorsees, transferees, successors or assigns of either this Guaranty or any of the obligations secured hereunder, or both, the prompt payment and not merely collection of principal and interest of that certain Consolidated Mortgage Note (hereinafter the "Note") in the principal sum of $9,650,000.00 dated the date hereof, executed by Principal and payable to Lender, including any renewals, modifications or extensions thereof and all other sums payable by the Principal under said Note and the Mortgage securing said Note (the "Mortgage"; with the Note, collectively, the "Obligations"), and does hereby agree that if the Obligations are not paid when due, the Guarantor will immediately pay the same.

The obligations of the Guarantor hereunder are joint and several, absolute, unconditional and irrevocable under any and all circumstances, irrespective of the validity or enforceability of the Obligations, any actions taken or not taken by the Lender and any other circumstance which might constitute an equitable or legal discharge of the Principal for the Obligations or of the Guarantor under this Guaranty in bankruptcy or in any other instance, it being the purpose and intent of the Guarantor that his obligations hereunder shall be absolute and unconditional under any and all circumstances.

The Obligations covered by this Guaranty include the obligations of Principal under the Note and the Mortgage, either now existing, or hereafter coming into existence, and any renewals or extensions, in whole or in part.

The Guarantor hereby consents and agrees that Guarantor shall deliver to the Lender on an annual basis the following:
    (a)    signed copies of tax returns (both State and Federal and including all schedules attached thereto) within thirty (30) days of filing;
    (b)    copies of annual statements of personal and business financial condition within one hundred twenty (120) days of calendar year end;
    (c)    verification of liquid assets and contingent liabilities in sufficient detail to reasonably satisfy the Lender in its sole and absolute discretion; and
    (d)    any other information of Guarantor as reasonably requested and/or required by Lender.

In the event Guarantor does not make all reasonable attempts to comply with any or all of the financial information reporting requirements set forth herein, in addition to any other remedy which the Lender may possess in connection with Guarantor's failure to comply with said reporting

requirements, the Lender may impose a charge of $250.00 dollars per month upon Guarantor which charge shall commence ten (10) days after notice to Guarantor that Guarantor is in default with respect to Guarantor's obligations to supply said financial reporting information to Lender.

The Guarantor hereby consents and agrees that Lender may at any time, either with or without consideration and without notice to the Guarantor, surrender any property or other security of any kind or nature whatsoever held by it or by any person, firm or corporation on its behalf, or for its account securing any Obligations, or substitute for any collateral so held by it, other collateral of like kind, or of any kind, or modify the terms of the Note and/or the Mortgagee, without notice to or further consent from the Guarantor, and such surrender, substitution or modification shall not in any way affect the liability of the Guarantor hereunder.

The Guarantor hereby consents and agrees that Lender may at any time, either with or without consideration, release any of the other obligors or guarantor of the Obligations without notice to or further consent from the Guarantor, and such release shall not in any way affect the liability of the Guarantor hereunder.

THIS AGREEMENT IS A GUARANTY OF PAYMENT. LENDER SHALL HAVE THE RIGHT TO PROCEED AGAINST THE GUARANTOR WHETHER OR NOT THE LENDER COMMENCES AN ACTION AGAINST THE PRINCIPAL TO COLLECT THE LOAN EVIDENCED BY THE NOTE.

The Guarantor hereby agrees that extensions of time in respect of any Obligations may be granted by Lender to the Principal and that the Obligations and/or the Note and/or the Mortgage may be modified in any other respect, all without notice to the Guarantor and without thereby affecting the liability of the Guarantor under this Guaranty in any respect; the Guarantor waives notice of acceptance of this Guaranty by Lender, or of the extension, modification or renewal of any obligation of the Principal to which relates, or of any default by the Principal. The Guarantor agrees that no act or omission on the part of Lender shall in any way affect or impair this Guaranty.

This Guaranty is made subject to all the terms, conditions, agreements or stipulations contained in the Note evidencing the obligations hereby guaranteed and the Guarantor further agrees that the terms, conditions and stipulations of any notes which may be executed by the Principal to evidence obligations incurred in the future shall simultaneously with the execution of such notes become a part of this Guaranty if such notes are related to or in substitution of the Note; said Guarantor hereby ratifying and confirming the agreement contained in the Note, with respect to the effect of said agreements, both as to Guarantor and as to any and all collateral in the possession of said Lender, or which may hereafter, during the life of this Guaranty, come into its possession securing any obligations covered by this Guaranty.

Guarantor hereunder shall be fully obligated for all of the Obligations guaranteed hereby fully and to the same extent as if Guarantor were the maker and endorser of such Obligations.

If any payment by Principal to Lender held to be a preference in any bankruptcy proceedings or if for any other reason Lender is required to refund any payment made by the Principal, such payment shall not constitute a release of the Guarantor as to such monies.

In the event it becomes necessary for Lender to enforce this Guaranty by legal action, Guarantor hereby waives the right to be sued in the county of said Guarantor's residence; and if this Guaranty is placed in the hands of an attorney at law for enforcement, Guarantor hereby agrees to pay the reasonable costs thereof, and a reasonable sum as an attorney's fee for such enforcement. Anything in this Guaranty to the contrary notwithstanding, if from any circumstances whatever fulfillment of any provision shall be due shall involve transcending the limit of validity prescribed by the usury statutes of the State of New York or any other law of the State of New York, then *ipso facto* the obligations to be fulfilled shall be reduced to the limit of such validity so that in no event shall exaction be possible under this Guaranty in excess of the limit of such validity.

The Guarantor agrees that this Guaranty shall inure to the benefit of and may be enforced by Lender, or its endorsees, transferees, successors and assigns, and shall be binding upon and enforceable against the Guarantor and Guarantor's legal representatives, heirs, successors and/or assigns.

This Guaranty shall be construed and enforced in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the Guarantor has hereunto executed this Guaranty this __ **day of May, 2022**

By: _____
Jill Caridi a/k/a Jill J. Caridi

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF WESTCHESTER )

On the 24 day of May, in the year 2022 before me, the undersigned, a Notary Public in and for said State, personally appeared **Jill Caridi** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity and that by her signature on the instrument, the persons upon behalf of which the individual acted, executed the instrument.

Joseph Rabadi
Notary Public, State of New York
No. 01RA6334580
Qualified in Westchester County
Commission Expires December 21, 2023

Notary Public _____

3