

|  | **White Plains** |
|---|---|
|  | 81 Main Street, Suite 400 |
|  | White Plains, NY 10601 |
|  | 914.607.7010 ǀ **P** |

Long Island · Brooklyn · White Plains · Rochester · Albany

February 8, 2023

**BY ECF**

Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United State Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

> Re:   *The Galinn Fund, LLC v. Jill Caridi a/k/a Jill J. Caridi and Michael Caridi,* 22
> Civ. 10781 (KMK)

Dear Judge Karas:

This firm represents defendants Jill and Michael Caridi in the above action.

On January 30, 2023, pursuant to Rule II.A of the Court's Individual Rules of Practice, I served the attached letter on plaintiff's counsel by ECF (dkt. no. 8) and Federal Express. The letter summarizes several grounds on which plaintiff's complaint should be dismissed. Plaintiff's response was due on or before February 6, 2023. The deadline has passed and plaintiff has not responded.

Defendants therefore respectfully request leave to file a motion to dismiss the complaint.

Thank you for your consideration of this request.

Respectfully yours,

Edward A. Smith

Enclosure.



cc:    Adam E. Mikolay, Esq.
           400 Garden City Plaza
           Suite 405
           Garden City, New York 11530

           **(BY ECF)**



**White Plains**
81 Main Street, Suite 400
White Plains, NY 10601
914.607.7010 | **P**

ATTORNEYS AT LAW          Long Island · Brooklyn · White Plains · Rochester · Albany

January 30, 2023

**BY FEDERAL EXPRESS**

Adam E. Mikolay, Esq.
400 Garden City Plaza
Suite 405
Garden City, New York 11530

      Re:   *The Galinn Fund, LLC v. Jill Caridi a/k/a Jill J. Caridi and Michael Caridi,* 22
             Civ. 10781 (KMK)

Dear Mr. Mikolay:

      This firm represents the defendants Jill and Michael Caridi (collectively "defendants") in
the above action.

      Pursuant to Rule II.A of the Court's Individual Rules of Practice, this is a pre-motion letter
concerning defendants' anticipated motion to dismiss the complaint pursuant to Rule 12(b)(1) of
the Federal Rules of Civil Procedure and New York Real Property Actions and Proceedings Law
("RPAPL") 1301(3) and 1320. The complaint should be dismissed for the following reasons.

      First, the Court lacks subject matter jurisdiction under the related concepts of *in rem*
jurisdiction and the "local action doctrine." Plaintiff is seeking to foreclose upon properties located
entirely in another state, Connecticut. Under New York law, foreclosure actions on real property
are *in rem* proceedings. *FDIC v. Four Star Hold. Co.*, 178 F.3d 97, 102 (2d Cir. 1999). For a
federal court to possess subject matter jurisdiction over property (*in rem* jurisdiction) as opposed
to over a party (*in personam* jurisdiction), the subject property must be located within the territorial
jurisdiction of the forum state. *MTB Enters., Inc. v. FDIC*, Civil No. 09-5091 (JLH), 2009 WL
10708333, at *3 (W.D. Ark. Oct. 1, 2009) ("It is a rule of general application that a foreclosure
action must be brought at the situs of the property to be foreclosed. Two interrelated sources of
this rule appear -- the local action doctrine and the concept of *in rem* jurisdiction."); *see also Fall
v. Eastin*, 215 U.S. 1, 9 (1909) ("[A] court of equity, acting upon the person of the defendant, may
decree a conveyance of land situated in another jurisdiction, and even in a foreign country, and
enforce the execution of the decree by process against the defendant; but, it was said: 'Neither its
decree nor any conveyance under it, except by the party to whom the title is vested, is of any
efficacy beyond the jurisdiction of the court.'") (citations omitted); *Posner v. Handelsman*, 179
A.D.2d 723, 723 (2d Dep't 1992) (New York law prohibits courts of one state from deciding issues
"directly affecting title to real property located in another state."), citing *Fall*, 215 U.S. at 8.



Similarly, "[u]nder the local action doctrine, courts may not exercise jurisdiction over any 'local' action involving real property unless the property at issue is found within the territorial boundaries of the state where the court is sitting." *Bigio v. Coca-Cola Co.*, 239 F.3d 440, 449-50 (2d Cir. 2000) (citing *Ellenwood v. Marietta Chair Co.,* 158 U.S. 105, 107 [1895]); *Hayes v. Gulf Oil Corp.,* 821 F.2d 285, 287 [5th Cir. 1987]) ("A local action involving real property can only be brought within the territorial boundaries of the state where the land is located."); *KeyBank Natl. Ass'n v. Ward*, No. 1:16-cv-01382 (BKS/DJS), 2018 WL 4054074, at *2 n.4 (N.D.N.Y. Aug. 24, 2018) ("It is well established 'that an action to foreclose a mortgage is a local action that must be filed where the real estate is located.'"), quoting *SEC v. Alanar*, No. 05-cv-1102 (DFH/TAB), 2011 WL 1261172, at *2 (S.D. Ind. Mar. 31, 2011); *United States v. Cox*, No. 7:15-CV-193 (BO), 2017 WL 3927668, at *3 n.1 (E.D.N.C. Sept. 7, 2017) ("This Court is unaware of and has been presented with no case in which a federal district court has authorized the foreclosure sale of property located outside of the judicial district in which the federal district court sits."), *aff'd*, 743 Fed. Appx. 509 (4th Cir. 2018); *MTB,* 2009 WL 10708333, at *3 (A "local action," such as one to determine title to land, can only be adjudicated by a court of the same state.); *Corriveau v. Tier Technologies, Inc*., No. 3:02 CV 360 (GLG), 2002 WL 1603136, *4 (D. Conn. July 12, 2002) ("Under the 'local action doctrine,' a court may not exercise jurisdiction over any 'local' action involving real property unless the property at issue is found within the territorial boundaries of the state where the court is sitting."). Because the plaintiff seeks to foreclose on real property located in Connecticut, the federal district in New York lacks subject matter jurisdiction and the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Section 18.03 of the mortgage provides that "[t]his mortgage may be enforced in the Connecticut state courts or in the United States District Court New York *[sic]*." However, that section does not confer subject matter jurisdiction on this Court where it does otherwise exist. The local action doctrine governs the Court's subject matter jurisdiction. *Ellenwood,* 158 U.S. at 107–08 (federal court lacks jurisdiction over a local action involving real property situated in a different state.); *United States v. Byrne,* 291 F.3d 1056, 1060 (9th Cir. 2002), *cert. denied, Aria v. United States*, 537 U.S. 1088 (2002) ("The federal district courts' jurisdiction over actions concerning real property is generally coterminous with the states' political boundaries."); *Bigio,* 239 F.3d at 443 (assuming the local action doctrine is jurisdictional); *Hayes,* 821 F.2d at 287 (recognizing that "federal and state courts lack jurisdiction over the subject matter of claims to land located outside the state in which the court sits"); *Corriveau*, 2002 WL 1603136 at *4 (local action doctrine is jurisdictional*). Parties cannot consent to subject matter jurisdiction. See, Ins. Corp. of Ireland, LTD. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant. . . ."); *Ahmed v. Holder,* 624 F.3d 150, 154 (2d Cir. 2010) ("[W]e may not exercise jurisdiction that we otherwise lack simply because the parties will allow it"); *Bay Shore Union Free Sch. Dist. v. Kain,* 485 F.3d 730, 733 (2d Cir. 2007) ("[T]he parties' consent alone cannot confer subject matter jurisdiction on the court."); *Lightwave Communications LLC v. Verizon Servs. Corp*., 503 F.Supp.2d 713, 717 n.2 (S.D.N.Y. 2007) ("[I]t is well-established that the parties' consent alone cannot confer subject matter jurisdiction on the court.") (internal citations omitted).



Even if the Court were to conclude that it possesses subject matter jurisdiction, the complaint must still be dismissed pursuant to New York's "one-action rule." That rule is codified in RPAPL 1301(3) and provides that, while a foreclosure action is pending, "no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of court in which the former action was brought." RPAPL 1301(3). "The object of the statute is to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt." *Deutsche Bank Natl. Trust Co. v O'Brien*, 175 A.D.3d 650, 651 (2d Dep't 2019) (internal citations omitted). On December 19, 2022, before this action was filed, the plaintiff (represented by different counsel) commenced an action in Westchester County Supreme Court seeking to foreclose on real property owned by The Complex at Port Chester LLC (the "state court action"). *See The Galinn Fund LLC v. The Complex at Port Chester, Jill, Caridi, Michael Caridi and Samar Consulting, Inc.*, Index No. 69506/2022 (Sup. Ct. Westchester Cty.). While the mortgage in the state court action is different than the one at issue here, both mortgages secure the same mortgage debt, a $9.650 million Consolidated Mortgage Note dated May 23, 2022. I attach a copy of the summons and complaint (including the Consolidated Mortgage Note and other exhibits) in the state court action for this Court's review.

The plaintiff, therefore, has commenced two separate mortgage foreclosure actions seeking to recover on the same mortgage debt, but filed this action without obtaining leave in the state court action. This action should be dismissed pursuant to RPAPL 1301(3). *Bayview Loan Servicing, LLC v. Starr-Klein*, 193 A.D.3d 807, 808 (2d Dep't 2011) ("[S]ince the plaintiff commenced the instant action without leave of the court in which the prior action was brought, and there is no basis in the record to determine that JPMorgan discontinued or effectively abandoned the prior action, dismissal is warranted under RPAPL 1301[3]."); *see also Aurora Loan Servs. LLC v. Reid*, 132 A.D.3d 788, 789 (2d Dep't 2015) (Where there was a pending foreclosure action on the same mortgage commenced by the plaintiff's predecessor-in-interest and the second action was "commenced without leave of the court in which the prior action was brought, dismissal was warranted under RPAPL 1301[3]."); *Security Natl. Servicing Corp. v. Liebowitz*, 281 A.D.2d 615, 616 (2d Dep't 2001) ("RPAPL 1301 [3] provides that while a foreclosure action is pending, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of [the] court in which [the] former action was brought; accordingly, since the plaintiff did not obtain court approval prior to commencing this action, [the] complaint must be dismissed.").

Finally, the summons served in this action does not comply with RPAPL 1320, which requires that the summons itself contain a special notice in all foreclosures on residential property consisting of not more than three units. This is a separate requirement from the form that must be attached pursuant to RPAPL 1303. "In [the] context of foreclosure reforms, strict compliance with statutory prerequisites has been the standard." *Aronson v. Callahan*, 61 Misc.3d 658, 660 (Sup. Ct. Ulster Cty. 2018) (referring to RPAPL 1320) (citing *Tuthill Fin., a Ltd. Partnership v. Candlin*, 129 A.D.3d 1375 (3d Dep't 2015) and *TD Bank, N.A. v Leroy*, 121 A.D.3d 1256 (3d Dept 2014)); *see also Emigrant Bank v. Cohen*, 205 A.D.3d 103, 111 (2d Dep't 2022) (failure to provide information mandated under RPAPL 1304 means that "the statute will not have been strictly complied with and the notice will not be valid.").

3



The properties that are the subject of this action are located at 32 Cutler Road and 1 Home Place in Greenwich Connecticut. The Cutler Road property is a single-family home that serves as the Caridis' primary residence. The Home Place property consists of two condominium units that are both currently occupied by tenants. These properties, therefore, also qualify as "residential property" within the meaning of RPAPL 1320. Because the summons does not contain the required RPAPL 1320 notice, the complaint should be dismissed. *Aronson*, 61 Misc.3d at 661 ("Inasmuch as the plaintiff admits that he failed to comply with the statutory language of RPAPL § 1320 in his actual summons, that failure is not excused, and the complaint must be dismissed."); *see also United States v. Knapp*, 3:19-cv-01338 (BKS/ML), 2022 WL 2828994, at *5 (N.D.N.Y. July 20, 2022) ("Therefore, Plaintiff may not proceed in this action unless it provides a copy of the summons with the requisite notice.").

Sincerely yours,

Edward A. Smith

Enclosures.

cc:    Honorable Kenneth M. Karas
       United States District Judge
       Southern District of New York
       The Hon. Charles L. Brieant Jr.
       Federal Building and United State Courthouse
       300 Quarropas Street
       White Plains, New York 10601-4150

       **(BY ECF)**

4